# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE SANDOVAL, individually and on behalf of all others similarly situated,<br><br>                           Plaintiff,<br><br>v.<br><br>FRIENDLUM, INC., d/b/a DIRECT HOME ENERGY SOLUTIONS,<br><br>                           Defendant. | Case No.: 17cv1917-MMA (BGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY**<br><br>[Doc. No. 7] |

Plaintiff Rene Sandoval ("Plaintiff") filed a class action complaint on September 20, 2017 against Defendant Friendlum, Inc., doing business as Direct Home Energy Solutions ("Defendant"), alleging negligent and willful violations of the Telephone Consumer Protect Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). *See* Doc. No. 1 (hereinafter "Compl."). Defendant moves to stay the case pending the United States Court of Appeals for the District of Columbia Circuit's decision in *ACA International v. Federal Communications Commission* (hereinafter "*ACA International*"), No. 15-1211, in which the D.C. Circuit has been asked to review various aspects of an order issued by the Federal Communications Commission ("FCC") (hereinafter "2015 FCC Order"). *See* Doc. No. 7. Plaintiff filed an opposition, to which Defendant replied. *See* Doc. Nos. 9, 10. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 11. For the reasons set forth below, the Court **DENIES** Defendant's motion to stay.

## BACKGROUND

Plaintiff, a California resident, received a series of calls on his cellular telephone on or about September 6, 2017. Compl. ¶¶ 12, 15. Specifically, Plaintiff claims that at approximately 2:54 pm, on or about September 6, 2017, he received a call from Defendant, "in which Defendant[] utilized an automatic telephone dialing system ('ATDS') as defined by 47 U.S.C. § 227(a)(1), using an 'artificial or prerecorded voice' as prohibited by 47 U.S.C. § 227(b)(1)(A)." *Id.* ¶¶ 15-16. Plaintiff answered the call and said "hello" approximately five times before someone named Eddie introduced himself from Direct Home Energy Solutions. *Id.* ¶¶ 17-18. Plaintiff asked Eddie how he obtained Plaintiff's cellular telephone number, to which "Eddie responded he didn't know, that it was 'auto-dialed.'" *Id.* ¶ 19.

Approximately twelve minutes later, at 3:06 pm, Plaintiff missed a call from an unknown number. *Id.* ¶ 20. Plaintiff called the number back, believing it may be a work-related call. *Id.* ¶ 21. A woman named Jessica answered the phone and indicated she was calling from Direct Home Energy Solutions. *Id.* ¶¶ 21-22. Jessica requested Plaintiff make an appointment to discuss home energy solutions, but Plaintiff "told Jessica that he was not interested and not to call him again." *Id.* ¶ 23. After Plaintiff informed Jessica not to call him anymore, he received "three more calls from her, one right after the other." *Id.* ¶ 24. Plaintiff claims that the ATDS utilized by defendant "has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." *Id.* ¶ 26. However, "at no time" did Plaintiff provide prior express consent for Defendant to call Plaintiff's cellular telephone. *Id.* ¶ 29.

Based upon these allegations, Plaintiff filed this class action on behalf of all persons who received at least one call using an ATDS and/or an artificial prerecorded voice from Defendant between the date of the filing of this action and the four years preceding, where such calls were placed for marketing purposes, to non-customers of Defendant, at the time of the calls. *Id.* ¶ 44. Plaintiff seeks damages, injunctive relief, and any other available legal or equitable remedies. *Id.* ¶ 1.

## LEGAL STANDARDS

**A.    Request for Judicial Notice**

Generally, a court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Mack v. South Bay Beer Distributors,* 798 F.2d 1279, 1282 (9th Cir. 1986) (citing *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956)). While a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute. Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). For example, "when a court takes notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee*, 250 F.3d at 690.

**B.    Motion to Stay**

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, No. 13-CV-2014-H (KSC), 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299

U.S. at 255.

In determining whether to grant a stay pursuant to *Landis*, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "If there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation omitted). The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

DISCUSSION

**A.  Defendant's Request for Judicial Notice**

Defendant requests the Court take judicial notice of six documents (Exhibits A-F) in support of its motion to stay. *See* Doc. No. 7-2. Specifically, Defendant requests the Court take judicial notice of: (1) the complaint in *Ambrezewicz v. GDFriend, Inc.*, No. 17-CV-2234-L-JMA; (2) the declaratory ruling of the Federal Communications Commission ("FCC") in *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, dated July 10, 2015 (CG Docket No. 02-278); (3) the joint brief for petitioners in *ACA International* (D.C. Cir. Case No. 15-1211); (4) ACA International's amended petition (D.C. Cir. Case No. 15-1211); (5) the courtroom minutes of oral argument in *ACA International* on October 19, 2016 (D.C. Cir. Case No. 15-1211); and (6) the docket in *ACA International* as of December 4, 2017 (D.C. Cir. Case No. 15-1211). *See id.* Plaintiff did not file an opposition to Defendant's request for judicial notice.

Here, to the extent Defendant seeks to establish the existence of Exhibits A-F, the

Court **GRANTS** Defendant's request for judicial notice. However, to the extent Defendant seeks to provide supplemental authority for the Court's consideration, such a request is misguided. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("[t]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein."); *see also Garcia v. California Supreme Court*, 2014 WL 309000, at *1 (N.D. Cal. Jan. 21, 2014) ("a request for judicial notice is not a proper vehicle for legal argument.").

Accordingly, the Court **GRANTS** Defendant's request for judicial notice of Exhibits A-F for the limited purpose of establishing the existence of such documents.

**B.     Defendant's Motion to Stay**

Defendant moves to stay this action pending the D.C. Circuit's decision in *ACA International*, arguing that the disputed issue for review in that case—whether the FCC correctly interpreted the definition of an "automated telephone dialing system" ("ATDS")—may dispose of Plaintiff's claims under the TCPA. *See* Doc. No. 7-1 at 2. The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In July 2015, the FCC clarified that the "TCPA's use of 'capacity' does not exempt equipment that lacks the 'present ability' to dial randomly or sequentially." *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961, 7974 (2015). Moreover, "the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." *Id.* "*ACA International* represents a consolidation of various petitions that request the D.C. Circuit to vacate the 2015 FCC Order regarding the definition of ATDS." *Mendez v. Optio Solutions, LLC*, 239 F. Supp. 3d 1229, 1233 (S.D. Cal. 2017). In resolving the appeal, "the D.C. Circuit will address, among other things, what type of equipment constitutes an ATDS." *Id.* Thus, Defendant asserts "[t]his whole lawsuit may be completely unnecessary" and "[i]t

would be injudicious not to wait and find out." Doc. No. 10 at 2.

Plaintiff opposes the instant motion, arguing that a stay will cause hardship and prejudice to Plaintiff, the ruling in *ACA International* may not favor Defendant, and even if it did, the ruling is unlikely to apply retroactively, Defendant's burden of producing discovery remains the same with or without a stay, and numerous courts have denied similar motions to stay. *See* Doc. No. 9. In ruling on the instant motion, the Court considers the parties' arguments as they relate to: (1) whether a stay supports judicial economy; (2) whether Defendant will suffer hardship or inequity in the absence of a stay; and (3) the prejudice to Plaintiff. *See Lockyer*, 398 F.3d at 1110.

### 1. *Judicial Economy*

Defendant contends that the D.C. Circuit's ruling in *ACA International* will "directly impact Plaintiff's ATDS-based claim" and will "inform whether the equipment at issue qualifies as an ATDS[.]" Doc. No. 7-1 at 9. Defendant claims the ruling "could extinguish the case" and that "it makes no sense to proceed with this lawsuit" until the D.C. Circuit issues its ruling. *Id.* In response, Plaintiff asserts that it is speculative whether the decision in *ACA International* will even apply to this case, and even if it does, the ruling is not likely to apply retroactively. *See* Doc. No. 9 at 5-8.

Here, the Court is unpersuaded that a stay pending the D.C. Circuit's ruling in *ACA International* promotes judicial economy in this case. First, while Defendant generally contends that the imminence of a decision in *ACA International* warrants a stay, "[i]t is *far* from guaranteed that a final result in *ACA International* is imminently forthcoming[.]" *Glick v. Performant Fin. Corp.*, No. 16-CV-5461-JST, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017) (emphasis added). Additionally, as district courts have noted, "the D.C. Circuit is unlikely to be the final step in the litigation over the FCC's 2015 Omnibus Order. Whichever party is unsuccessful in that court is almost certain to appeal to the Supreme Court." *Lathrop v. Uber Tech., Inc.*, No. 14-CV-5678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016); *see also Mendez*, 239 F. Supp. 3d at 1234 ("Thus, as presently considered, a stay pending *ACA International* would be of

17cv1917-MMA (BGS)

indefinite duration, which weighs against issuance of a stay.").  As such, the Court is unable to predict "if or when a decision in *ACA International* will become final," which weighs against the issuance of a stay.  *Hiemstra v. Credit One Bank*, No. 16-CV-2437-JAM-EFB, 2017 WL 4124233, at *2 (E.D. Cal. Sept. 15, 2017); *see also Leyva*, 593 F.2d at 864 ("A stay should not be granted unless it appears likely that the other proceedings will be conducted within a reasonable time in relation to the urgency of the claims presented to the court.").

Moreover, Plaintiff argues that "there is no reason to believe the decision in *ACA International* will apply retroactively to have an effect on this case."  Doc. No. 9 at 7.  Specifically, Plaintiff contends that a change in the FCC's rules will not affect Plaintiff's TCPA claims that accrued *prior* to the ruling.  *See id.*  If so, a stay would not result in a simplification of the issues and questions of law.  Additionally, "even if the definition of an ATDS is altered to exclude equipment with potential abilities versus present functionality," "Plaintiff has alleged that Defendant did in fact auto-dial his cellular telephone number in violation of the TCPA."  Doc. No. 9 at 7.  Defendant does not address these arguments.

Finally, Plaintiff alleges Defendant used both an ATDS and an "artificial voice."  Compl. ¶¶ 15, 44.  As a result, Plaintiff's TCPA claims will remain even if the D.C. Circuit's ruling impacts the definition of an ATDS.  *See Declue v. United Consumer Fin. Servs. Co.*, No. 16-CV-2833-JM (JMA), 2017 WL 4541668, at *2 (S.D. Cal. Oct. 11, 2017); *Mendez*, 239 F. Supp. 3d at 1233 ("[B]ecause Plaintiff alleges Defendant violated the TRCPA through ***both*** the use of an ATDS and an artificial or prerecorded voice, Plaintiff's TCPA claim will stand despite the ATDS allegations.") (emphasis in original).  Accordingly, the Court finds that Defendant has not shown that a stay would promote judicial economy; thus, this factor does not weigh in favor of Defendant.

### 2. *Defendant's Hardship in the Absence of a Stay*

In arguing that Defendant will suffer hardship if the Court denies the instant motion, Defendant relies exclusively on the cost and burden of defending this lawsuit.

*See* Doc. No. 7-1 at 7. However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *See Lockyer*, 398 F.3d at 1112. Moreover, as Plaintiff notes, even if the decision in *ACA International* favors Defendant, "the discovery of Defendant's purported dialer, model, capacity, telephone logs, consent, revocation of consent, and called individuals will still be relevant and <u>necessary</u> to apply any newly defined standard that may or may not arise." Doc. No. 9 at 8 (emphasis in original). Plaintiff argues that Defendant will "be required to produce the *same* information to prove that its equipment is not an ATDS, which Plaintiff currently seeks through discovery." *Id.* (emphasis in original). The Court agrees. District courts have concluded that "regardless of the authoritative weight of [the *ACA International*] clarification, Defendant will still be required to produce discovery to settle the factual disputes regarding its autodialing technology." *Mendez*, 239 F. Supp. 3d. at 1234; *see also Lathrop*, 2016 WL 97511, at *4 ("Even if the D.C. Circuit were to modify or vacate the 2015 FCC Order, factual disputes such as whether an ATDS was used and whether [ ] recipients provided their consent, will remain here."). Thus, Defendant has not made out "a clear case of hardship or inequity," and this factor does not favor Defendant. *Landis*, 299 U.S. at 255.

### 3. *Prejudice to Plaintiff*

Lastly, Defendant asserts that because "Plaintiff has not yet invested a tremendous amount of time and money into this lawsuit," Plaintiff will not suffer prejudice as the result of a stay. Doc. No. 7-1 at 7. In response, Plaintiff claims that because "it is far from clear when a decision will be made, a stay will present an unfair disadvantage to Plaintiff for an unknown and indefinite period of time during which discovery will be delayed." Doc. No. 9 at 4. Plaintiff claims he faces the risk of losing access to relevant records and other related evidence, and notes that "there is no articulable prejudice to Defendant in moving forward." *Id.* at 5.

Here, the Court finds that a stay would result in the potential of prejudicing Plaintiff with regards to delayed discovery. First, for the reasons discussed above, a stay

may result in uncertainty for an indefinite period of time if the parties appeal the D.C. Circuit's decision to the Supreme Court. Second, as Plaintiff notes, if the Court grants a stay in this case, he may struggle to obtain call logs from third-party carriers with retention periods lasting as short as six months. Because any decision issued by the D.C. Circuit is likely to be appealed, Plaintiff may be unable to obtain the relevant evidence in pursuing this case. *See Montegna v. Ocwen Loan Servicing, LLC*, No. 17-CV-939-AJB-BLM, 2017 WL 4680168, at *6 (S.D. Cal. Oct. 18, 2017) ("the grant of a stay may cause Plaintiff to lose evidence currently in the dominion and control of others not joined in this suit."); *see also Cabiness v. Educ. Fin. Solutions, LLC*, No. 16-CV-1109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) (denying the defendant's motion to stay, noting that "an extended stay would prejudice the Plaintiff because the passage of time will make it more difficult to reach class members and will increase the likelihood that relevant evidence will dissipate."). Accordingly, because the Court finds that a stay may result in prejudice to Plaintiff, this factor does not favor Defendant.

### 4. Conclusion

In sum, in weighing the relevant factors, the Court finds that a stay in this case is inappropriate. Defendant has not shown this is one of those "rare" circumstances where a party in one case must "stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion to stay pending the D.C. Circuit's ruling in *ACA International*.

**IT IS SO ORDERED.**

Dated: March 2, 2018

HON. MICHAEL M. ANELLO
United States District Judge